Joyce H.Vega, SBN 228260
**JOYCE H. VEGA & ASSOCIATES**
904 Silver Spur Road, #388
Rolling Hills Estates, California  90274
Telephone:  (310) 614-0191
Email:  VegaLitigators@gmail.com

Attorneys For Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

**PAIGE ELIZABETH** , an individual;

   Plaintiff,

**vs.**

**YOUTUBE LLC**, a Delaware Limited
Liability Company; **GOOGLE LLC**, a
Delaware Limited Liability Company;
**REGILIO HOOPLOT**, an individual,
and **DOES 1** through **10**, inclusive,
Defendants.

   Defendants

Case No.:

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**

 **1. Defamation**

 **2. Negligent Publication / Gross Negligence**

 **3. Tortious Interference with Prospective Economic Advantage**

 **4. Unfair Competition (Bus. & Prof. Code § 17200)**

 **5. False Light (Invasion of Privacy)**

 **6. Public Disclosure of Private Facts**

 **7. Intrusion into Private Affairs**

-1-

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

|  |  |
|---|---|
|  | ) |
|  | ) 8. **TRO & Preliminary Injunction** |
|  | ) |
|  | ) 9.  **Declaratory Relief re:** |
|  | ) **Communications Decency Act** |
|  | ) **§ 230 Limitations** |
|  | ) |
|  | ) 10.**Intentional Infliction of** |
|  | ) **Emotional Distress** |
|  | ) |
|  | ) 11.**Negligent Infliction of Emotional** |
|  | ) **Distress** |
|  | ) |
|  | ) |
|  | ) |
|  | ) **DEMAND FOR JURY TRIAL** |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |

## COMPLAINT FOR DAMAGES & DECLARATORY & INJUNCTIVE RELIEF

The Plaintiff, by and through her attorney of record, and on behalf of herself, states as follows and complains against Defendants, and each of them, and for claims for relief alleges:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity) and 28

-2-

U.S.C. § 1331 (Federal Question). Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the events occurred in this District, and Defendants reside and transact business in Los Angeles County.

## PARTIES

2.   Plaintiff **PAIGE ELIZABETH** is an individual who engages in active business activities in Los Angeles County, California, maintaining residency in Las Vegas but also engaging in international business endeavors and activities.

3.   Defendant **YOUTUBE LLC** is a Delaware limited liability company headquartered in San Bruno, California, and registered to do business in the State of California.

4.   Defendant **GOOGLE LLC** is a Delaware limited liability company and the parent of **YOUTUBE LLC.** Defendant Google LLC is a Delaware limited liability company with its principal place of business in Mountain View, California. Google owns YouTube LLC.

5.   Defendant **REGILIO** HOOPLOT is an individual or entity who published the defamatory content at issue. Their true identity is currently unknown. Plaintiff will amend this Complaint to substitute their true name upon discovery.

//

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

6.  The true names and capacities of **DOES 1** through **10** are presently unknown to Plaintiff, who will amend this complaint once their identities are ascertained.

## INTRODUCTION & SUMMARY OF COMPLAINT

7.  This action arises from Defendants' ongoing publication, promotion, and monetization of defamatory, harassing, and provably false online content targeting Plaintiff.

8.  Defendant **REGILIO HOOPLOT** created and published malicious and defamatory videos on YouTube, falsely accusing Plaintiff of criminal conduct, immoral behavior, and professional fraud.

9.  Plaintiff notified Defendants **GOOGLE LLC** and **YOUTUBE LLC** multiple times, providing irrefutable evidence of the falsehoods and requesting removal. Yet, Defendants refused to remove the content and continue to profit from its views and engagement.

10.  Plaintiff brings this action for compensatory and punitive damages declaratory relief, and urgent injunctive relief—including a Temporary Restraining Order, Preliminary Injunction to prevent further irreparable harm.

//
//
//
//

–4–

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

## **FACTUAL INFORMATION**

11. This case is about defamation not merely permitted by Defendant **YOUTUBE LLC**, but created, promoted, and published by its proprietary algorithm, which functions as a co-author and propagator of harmful, false, and defamatory content about Plaintiff.

12. Defendant **YOUTUBE LLC** and its parent company **GOOGLE LLC** are not passive hosts or mere conduits of third-party speech. They are algorithmic amplifiers, deploying complex code that prioritizes, surfaces, recommends, and disseminates defamatory content for profit— acting as an information content provider and publisher under their own discretion, and thus not entitled to immunity under Section 230 of the Communications Decency Act (47 U.S.C. § 230).

12. Defendants' YouTube algorithm does not passively reflect user engagement. It is an active editorial force—a proprietary, Artificial Intelligence (AI) -driven engine that makes independent editorial decisions about which content to promote, how to title and frame it, and whom to target with it.

12. The defamatory content at issue was promoted not merely by the creator but elevated into visibility and virality by the YouTube algorithm itself, making YouTube and Defendants directly responsible as a publishers of that speech.

13. Without consent, the Defendants misappropriated Plaintiff's original videos posted to TikTok --- a vulnerable and empowering piece of content --- and maliciously manipulated them.

14. Plaintiff's videos were cut, restructured, and published on YouTube in a manner that intentionally stripped it of content and distorted its meaning.

15. The Defendants' goals were clear: to create a viral mockery, mischaracterizing the Plaintiff as a desperate, unhinged woman over forty (40) who is incapable of attracting or maintaining a relationship with a man.

16. This manipulation was not simply offensive – it was defamatory, sexist, and psychologically violent because it framed the Plaintiff as an object of ridicule for allegedly doing the very thing she encourages others to do: speak truthfully.

17. This Complaint stands at the threshold intersection of digital publishing, women's rights, and emerging AI driven media manipulation. It reflects a growing crisis in how women's voices - especially those who speak from embodied wisdom and emotional intelligence – are exploited. taken out of context and dehumanized for profit and attention.

18. Plaintiff is filing this Complaint not only to restore her reputation and prevent further harm, but also to challenge the legal and ethical frameworks that currently allow content creators

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

and platforms to exploit vulnerable, truthful voices – especially those of women – without legal recourse or even hope.

## DEFENDANTS' MALICIOUS ATTACKS

## ON PLAINTIFF'S NOTEWORTHY WORLDWIDE CRUSADE

## ON BEHALF OF THE RIGHTS OF WOMEN

## INVITES AND DEMANDS SWIFT JUSTICE

19. In 2024, Defendants caused to be uploaded to YOUTUBE one or a series of more videos containing false and defamatory statements about Plaintiff including but not limited to statements that misrepresented her image in a manner that is harmful to her public persona by representing that Plaintiff is a desperate woman over forty (40) years of age who cannot find love and is rejected by men.

20. Such statements are false and defamatory.

21. Plaintiff is a published author, speaker, coach and former international yoga instructor whose purpose in life has been centered around helping others create authentic alignment in their own lives, as well as learning how to live existentially without the need to be dependent on another human being in order to feel complete but rather to focus any and all sense of well-being

–7–

on individualized thoughts of independence and sell sufficiency so as to be of service to others as opposed to being dependent upon others.

22. In addition, Plaintiff zealously maintains an invisible and inviolable barrier between her personal life and professional life and does not speak publicly on her multiple professional platform about personal issues or romantic issues or any issues related to her friends and family and personal business matters.

23. Simply stated, the videos uploaded by Defendants were pure defamatory cliché exploitation of Plaintiff solely uploaded out of malevolence and spite and, misogyny and for personal vengeance as well as misplaced satire as well as financial gain.

24. Plaintiff is a respected "wellness" educator, author, and transformational coach with a career spanning more than a decade.

25.  Plaintiff is the founder of a private coaching practice and wellness community that serves high-performing women, guiding them through romantic healing, nervous system regulation mindset reprogramming to reclaim balance, energy, purpose, and self-worth – particularly in mid-life and beyond.

//

-8-

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

26.  Plaintiff's well respected and well recognized body of work integrates mindset part science-based methodologies with intuitive frameworks, drawing from her background in yoga, mindset coaching, trauma-informed leadership, and women's hormonal health.

27. Plaintiff's content is predominantly distributed and promulgated and published on platforms such as TikTok and Instagram; and her work is known for its vulnerability, clarity and depth.

28.  Plaintiff speaks candidly about burnout, grief, feminine power, and the emotional labor women carry – with the intention to educate, inspire, and empower.  Her message consistently centers on **wholeness, healing, and radical self-trust**.

29.  As a midlife woman herself, the Plaintiff is a living embodiment of the message she teaches:  that age is not a liability, but a portal to deeper wisdom and leadership.

30.  Plaintiff has built her reputation on integrity, compassion, and thought leadership --- attracting a global audience of women who seek to redefine their lives beyond the traditional roles and expectation placed on them.

//

//

//

Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC

# **PLAINTIFF'S EMPOWERING ACTIVISM:**

## **_"WHEN WOMEN SPEAK THEY HEAL"_**

31. Plaintiff seeks to empower women with the strong belief that **"WHEN WOMEN SPEAK THEY HEAL"**.  So when women's voices are twisted into weapons and used against them, the damage is not only personal but also cultural if not systemic.

32. Defendants' actions and algorithms have created a conspiratorial scheme that enables in which the Plaintiff's videos were promoted, recommended, and disseminated by YouTube's algorithm, which selected them for elevated visibility to users with no prior relationship to the uploader or the subject matter.

33. YouTube's system modified titles, created thumbnails, inserted captions, and deployed its recommendation engine in such a way as to maximize outrage, emotional engagement, and user retention—at Plaintiff's reputational expense.

34. As a result of these algorithmic decisions, Plaintiff has suffered reputational damage, economic losses, harassment, emotional distress, and professional injury.

35. YouTube's algorithm functioned as a co-publisher of the content at issue, not merely as a neutral intermediary. This disqualifies YouTube from immunity under Section 230, pursuant

to Fair Housing Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157 (9th Cir. 2008) and later interpretations.

## NATURE AND EXTENT OF HARM TO PLAINTIFF CAUSING DAMAGES

36. The malevolent and malicious actions of the Defendants have caused the Plaintiff to experience significant emotional and psychological distress.

37. Plaintiff has been humiliated and destabilized in her capacity as someone who speaks publicly from a place of personal vulnerability in that twisted and distorted manipulation and publication of her voice by Defendants.

38. Defendants' algorithms have caused Plaintiff to feel violated and constantly retraumatized as well as publicly shamed, in the process vividly reactivating and reigniting her wounds relating to misogyny and emotional exploitation and powerlessness to redress the perpetrators of these wrongdoings.

39.   Plaintiff's internationally recognized reputation as a "Thought Leader" and "Influencer" whose credibility hinges on her integrity and public image has been significantly harmed and damaged by the Defendants scheme to reap profits by taking her life's work out of context and weaponizing it to create an image of Plaintiff that is antithetical to everything promulgated by Plaintiff on behalf of women worldwide.

-11-

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

40.    Plaintiff has suffered significant economic losses following the Defendants' ongoing publication of the defamatory content as it caused the Plaintiff to stagnate and freeze in her capacity to create new content, to speak freely, and to engage digitally with others without feeling maligned and distressed and self-conscious.

41.  The damages to the persona of Plaintiff, which is foundational to her business – has directly impacted her gross revenues as well as her future earning potential.

42. In addition, Plaintiff has had to divert her energy and creativity and financial resources to the arduous tasks of seeking ways to remedy the consequences of the damage caused by the actions of the Defendants.

43.    The damages to Plaintiff caused by the Defendants are ongoing and irreparable because the video remains on YOUTUBE, which is a major platform owned by GOOGLE, where it can repeatedly be surfaced through algorithmic targeting, potentially causing continuous harm to Plaintiff's ability to speak openly and unflinchingly in the future, in the process eroding irreparably a central pillar of Plaintiff's life work as well as her very essence as a woman.

//

//

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

## ADDITIONAL ALLEGATIONS SUPPORTING INJUNCTIVE RELIEF

44. Defendants' conduct constitutes an ongoing course of unrelenting and unyielding harassing conduct that alarms, annoys, and terrorizes Plaintiff.

45.Plaintiff reasonably fears for their emotional well-being, personal safety, and professional viability.

46. There is no legitimate purpose for Defendants' cruel and callous and defamatory actions, other than personal and financial gain as well as exploitation and malevolence, and the conduct is ongoing.

## LIMITATIONS OF COMMON DECENCY ACT § 230 IMMUNITY

47.  Defendants Google and YouTube are not entitled to immunity under 47 U.S.C. § 230(c)(1) because:

    A.  They had actual knowledge of the content's falsity.

    B.  They engaged in monetization, algorithmic promotion, and editorial decisions.

C.  They failed to remove the content after repeated notice, amounting to republication.

48. Plaintiff seeks a declaration that CDA § 230 does not immunize Defendants under these facts contained in this Complaint.

## FIRST CAUSE OF ACTION: DEFAMATION
### (Against All Defendants)

49. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

50. The statements published in the videos are false, defamatory, and not privileged.

51. YouTube, through its algorithm, acted with actual malice, or at a minimum with reckless disregard for the truth, in promoting this content. These statements are provably false and constitute defamation per se because they falsely impute moral turpitude, and professional misconduct.

52. The videos were widely circulated, viewed tens of thousands of times, and monetized by Google and YouTube.

//

53. Plaintiff sent detailed takedown notices and correspondence to Defendants.

54. Defendants refused to act. Instead, they sent form responses while continuing to profit from the traffic the videos generated.

55. Plaintiff has suffered reputational ruin, business opportunity loss, severe emotional distress, and persistent online harassment.

56. Defendants have continued to publish false content, reveal private facts, tag Plaintiff's name and businesses online, and encourage harassment by third parties.

57. YouTube's algorithmic selection, promotion, and repackaging of this content constitutes publication under defamation law.

58. Plaintiff has suffered special damages, including loss of business opportunities, mental anguish, and reputational harm.

//

//

//

//

//

-15-

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

## SECOND CAUSE OF ACTION
## Negligent Publication / Gross Negligence
## (Against All Defendants)

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Defendants, acting with reckless disregard for the truth and without exercising reasonable care, uploaded and published a video on YouTube that contains false and defamatory statements about Plaintiff.

61. Defendants knew or should have known that the statements made in the video were false, misleading, and likely to cause harm to Plaintiff's personal and professional reputation.

62. Defendants were notified that the video in question contained demonstrably false and defamatory content regarding Plaintiff.

63. Despite receiving actual notice and having the capacity to review, investigate, and remove the content pursuant to their own Terms of Service, Community Guidelines, and applicable internal moderation procedures, Defendants YouTube and Google negligently failed to take any meaningful remedial action to investigate, flag, or remove the video in a timely manner.

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

64. YouTube and Google operate automated recommendation, promotion, and monetization systems that materially contributed to the continued dissemination of the video after notice. These systems amplified the defamatory content to a wider audience, including Plaintiff's personal and professional contacts, thereby compounding the harm.

65. By negligently allowing the continued publication and amplification of the defamatory video after receiving actual notice, Defendants breached their duty to refrain from causing foreseeable harm to Plaintiff.

66. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff suffered significant harm, including but not limited to reputational injury, emotional distress, economic damages, lost business opportunities, and related harm. The precise amount of damages will be proven at trial.

67. Plaintiff is entitled to general and special damages, attorneys' fees, costs of suit, and any further relief the Court deems just and proper.

## THIRD CAUSE OF ACTION:
### Tortious Interference with Prospective Economic Advantage
### (Against All Defendants)

68. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

69. At all relevant times, Plaintiff had a reasonable expectation of entering valid business relationships and economic transactions with clients, partners, employers, or other third parties, based on Plaintiff's reputation, professional background, and ongoing negotiations or professional activity.

70. Defendants had actual or constructive knowledge of Plaintiff's business or professional interests and the importance of Plaintiff's reputation in securing future economic opportunities.

71. Defendants published a defamatory video on YouTube falsely directly impugning Plaintiff's character and professional competence.

72. On information and belief, Defendants YouTube LLC and Google LLC received notice of the defamatory and injurious nature of the video but failed to remove, limit, or otherwise address the content, and instead continued to promote and algorithmically recommend the video to viewers.

73. Defendants YouTube and Google operate proprietary systems that promote content to users through algorithmic recommendation and search engine results, thereby materially amplifying harmful third-party content.

//
//
//
//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

74. Despite actual knowledge of the defamatory nature of the video and its foreseeable economic impact on Plaintiff, YouTube and Google negligently or intentionally allowed continued dissemination and monetization of the content.

75. Defendants' acts and omissions were independently wrongful and without privilege or justification, as they involved the knowing or negligent perpetuation and amplification of false, defamatory content that had been flagged for removal, in violation of their own stated policies and with disregard for the foreseeable harm to Plaintiff's economic prospects.

76. As a direct and proximate result of Defendants' intentional and/or negligent interference, Plaintiff has suffered the loss of actual and prospective business relationships, professional opportunities, contracts, clients, and related income, in an amount to be determined at trial.

77. Defendants' conduct was willful, malicious, and oppressive, entitling Plaintiff to an award of punitive damages in addition to compensatory relief.

**FOURTH CAUSE OF ACTION**:
**Unfair Competition (Bus. & Prof. Code § 17200)**
**(Against All Defendants)**

78. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

79. California Business and Professions Code § 17200 et seq. (the "Unfair Competition Law" or "UCL") prohibits any unlawful, unfair, or fraudulent business act or practice.

80. Defendants have engaged in unlawful, unfair, and/or fraudulent business practices through the publication, hosting, promotion, monetization, and refusal to remove a video containing false and defamatory statements about Plaintiff.

81. Defendants unlawfully uploaded and distributed a video containing false factual statements about Plaintiff, as described in this Complaint, in violation of California's defamation laws.

82. Defendants Google LLC and YouTube LLC knowingly and unfairly profited from the ongoing publication and algorithmic amplification of the video after receiving actual notice of its defamatory nature and failed to act in accordance with their stated Terms of Service and Community Guidelines prohibiting harmful or defamatory content.

83. Defendants' conduct is unlawful in that it violates California Civil Code § 45 (defamation) and constitutes negligent publication and tortious interference with prospective economic advantage.

84. Defendants' conduct is unfair because it undermines public policy favoring the protection of individual reputations and the prompt removal of known harmful content, and

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

because it caused harm to Plaintiff in a manner that significantly outweighs any justification for continued publication or profit from the content.

85. Defendants' conduct is fraudulent because the YouTube platform markets itself as a service that promptly removes harmful content upon notice, but in practice fails to honor those representations, misleading users like Plaintiff who rely on those assurances.

86. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent practices, Plaintiff has suffered economic loss, reputational harm, and emotional distress, and continues to face irreparable injury.

87. Plaintiff seeks injunctive relief requiring Defendants to remove the defamatory video and cease further dissemination, as well as restitution and any other relief the Court deems just and proper under Cal. Bus. & Prof. Code § 17203.


### FIFTH CAUSE OF ACTION
### FALSE LIGHT (Invasion of Privacy)
### (Against All Defendants)

88. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89. Defendants created and uploaded a video to YouTube that contained false, misleading, and highly offensive depictions of Plaintiff, placing Plaintiff in a false light before the public.

90. The video falsely implied or stated that Plaintiff was deficient as a woman as has been described in this Complaint, none of which is true, and all of which were calculated to cause public embarrassment, professional harm, and reputational damage.

91. These statements and implications were not only false, but were made with actual malice, in that Defendants either knew the statements were false or acted with reckless disregard for the truth.

92. Defendants were notified of the false and injurious nature of the video, yet they continued to publish, host, and promote the content through automated algorithms, recommended feeds, and public search results, thereby republishing and amplifying the false impressions after actual notice.

93. The conduct of Defendants and Defendants YouTube and Google constitutes knowing or negligent perpetuation of content that placed Plaintiff in a highly offensive and misleading false light before the public and Plaintiff's professional community.

94. The false light in which Plaintiff was placed would be highly offensive to a reasonable person, and it created the misleading impression that Plaintiff had engaged in conduct or possessed attributes that are objectionable and damaging to Plaintiff's personal and professional reputation.

//

//

Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC

95. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress, loss of professional standing, reputational injury, and economic harm, in an amount to be proven at trial.

96. Plaintiff is entitled to general and special damages, punitive damages against all Defendants for their willful and malicious conduct, and injunctive relief to prevent further dissemination.

## SIXTH CAUSE OF ACTION
## PUBLIC DISCLOSURE OF PRIVATE FACTS
### (Against All Defendants)

97. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

98. Defendants uploaded a video to YouTube that disclosed private, non-public facts about Plaintiff, including but not limited to personal information that was false and defamatory about Plaintiff's personal life as described in this Complaint without Plaintiff's consent.

99. These facts were not matters of legitimate public concern, and Plaintiff had a reasonable expectation that such facts would remain private.

Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC

100. The disclosure of these private facts served no public interest and was intended to embarrass, harass, or harm Plaintiff. The video was widely accessible to the public through YouTube's global platform.

101. After receiving notice, Defendants Google LLC and YouTube LLC failed to remove or restrict access to the video.

102. Instead, Defendants continued to host and algorithmically promote the content to a broad public audience, thereby republishing and amplifying the unlawful disclosure.

103. The disclosure of Plaintiff's private facts through the YouTube video would be highly offensive to a reasonable person in Plaintiff's position.

104. Defendants' actions, including the knowing or negligent publication, promotion, and failure to remove the video after notice, constituted a public disclosure of private facts in violation of Plaintiff's right to privacy under California law.

105. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, humiliation, reputational damage, and economic harm in an amount to be proven at trial.

//

Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC

106. Plaintiff is entitled to general and special damages, punitive damages for willful and malicious conduct, and injunctive relief to prevent further dissemination.

# SEVENTH CAUSE OF ACTION
## INTRUSION INTO PRIVATE AFFAIRS
### (Against All Defendants)

107.  Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

108. Plaintiff had a reasonable expectation of privacy in certain personal matters, including but not limited to any matters involving her personal life and personal relationships as otherwise described in this Complaint.

109. Defendants, without consent or legal justification, intentionally and wrongfully intruded upon Plaintiff's private affairs by accessing, recording, disclosing, or misrepresenting private, sensitive information for the purpose of exploiting or harming Plaintiff.

110. The intrusion was carried out in a manner that would be highly offensive to a reasonable person, especially given the sensitive and personal nature of the subject matter and the intent to expose or sensationalize Plaintiff's private life.

//

Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC

111. After being notified, Defendants Google LLC and YouTube LLC failed to take any steps to investigate, remove, or restrict public access to the video, despite knowledge that it resulted from or depicted an unlawful or offensive intrusion into Plaintiff's privacy.

112. Defendants YouTube and Google, by continuing to host, promote, and profit from the video despite actual notice, further participated in and perpetuated the offensive intrusion and resulting harm.

113. The intrusion into Plaintiff's private affairs caused significant emotional distress, humiliation, and reputational damage, and led to measurable economic harm.

114. As a direct and proximate result of the Defendants' conduct, Plaintiff is entitled to general and special damages, punitive damages for willful and malicious conduct, and injunctive relief to prevent future violations.

## EIGHTH CAUSE OF ACTION
## TRO & PRELIMINARY INJUNCTION
### (Against All Defendants)

115. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

//

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

116. Plaintiff seeks equitable relief in the form of a Temporary Restraining Order (TRO) and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.

117. Defendants' ongoing publication, hosting, algorithmic promotion, and monetization of a video containing demonstrably false, defamatory, and harmful content have caused, and will continue to cause, irreparable injury to Plaintiff's reputation, emotional well-being, and economic prospects.

118. Plaintiff has submitted takedown requests and provided notice to YouTube LLC and Google LLC identifying the video and describing the nature of the defamatory and injurious content. Despite this notice, Defendants have refused or failed to remove the content.

119. Defendants have continued to republish, promote, or otherwise endorse the video, and the YouTube platform continues to amplify the content through algorithmic recommendation and search placement.

120. The harm to Plaintiff is immediate and ongoing and cannot be adequately remedied through monetary damages alone. Once a reputation is damaged through wide public dissemination of false and inflammatory content, the harm becomes difficult or impossible to reverse.

//

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

121. Plaintiff is likely to succeed on the merits of their claims, including defamation, negligent publication, false light, and unfair competition. The video contains verifiably false statements of fact that are not protected by the First Amendment.

122. The balance of hardships favors Plaintiff, as an injunction would merely prevent the continued publication of unverified, harmful material, while Defendants would suffer no legitimate hardship in removing or delisting the offending content.

123. Public interest strongly favors the protection of individuals against malicious defamation, particularly where platform policies and legal notice procedures have failed to prevent further harm.

124. Plaintiff requests that this Court issue:

    A. A Temporary Restraining Order, immediately enjoining all Defendants from further publication, hosting, distribution, or promotion of the specific defamatory video;

    B. A Preliminary Injunction pending trial, requiring Defendants to de-list, de-index, and remove the video and related metadata from public access;

    C. Any other relief necessary to preserve the status quo and protect Plaintiff's rights pending final resolution of this action.

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

# NINTH CAUSE OF ACTION
## DECLARATORY RELIEF COMMUNICATIONS DECENCY ACT § 230 LIMITATIONS
### (Against All Defendants)

125. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

126. An actual, present, and justiciable controversy exists between Plaintiff and Defendants Google LLC and YouTube LLC concerning the scope and application of immunity under 47 U.S.C. § 230(c) (Communications Decency Act).

127. Defendants have asserted, or are expected to assert, that they are immune from liability under Section 230 for continuing to host, promote, and profit from a YouTube video containing false, defamatory, and injurious content about Plaintiff—despite having received actual notice of the video's falsity and harmful effects.

128. However, Section 230 immunity does not extend to conduct that involves:

A. Active participation in the development or amplification of unlawful content;

B. Algorithmic promotion that materially contributes to dissemination of tortious speech (see Fair Hous. Council v. Roommates.com, 521 F.3d 1157 (9th Cir. 2008));

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

C. Failure to enforce platform policies after specific notice in a manner that results in independent wrongdoing;

D. Violations of independent legal duties, such as breach of contract, misrepresentation, or violations of state unfair competition laws.

129. Plaintiff seeks a declaration under 28 U.S.C. § 2201 that Defendants Google LLC and YouTube LLC are not entitled to immunity under 47 U.S.C. § 230 in this action, because their conduct exceeds the scope of passive publisher immunity and includes affirmative acts of algorithmic distribution, monetization, and refusal to act after notice.

129. Plaintiff further seeks a declaration that Section 230 does not bar injunctive relief, particularly where such relief is narrowly tailored to remove specific, defamatory content already subject to formal notice and challenge.

130. A declaratory judgment will resolve uncertainty concerning the legal rights and obligations of the parties and guide the Court and parties in structuring appropriate injunctive and equitable relief.

//

//

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

131. Plaintiff respectfully requests that the Court enter a declaratory judgment stating:

A. That Section 230(c)(1) does not bar Plaintiff's claims for damages and injunctive relief under the facts alleged;

B. That Google and YouTube's conduct is not protected by Section 230 because they materially contributed to or amplified the unlawful content;

C. That Section 230 does not provide immunity from liability for state-law claims where Defendants' conduct is independently wrongful.

**TENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

132. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

133. Defendants, and each of them, engaged in extreme and outrageous conduct by creating, publishing, hosting, and continuing to distribute a video containing false and highly defamatory statements about Plaintiff, including as described in this Complaint, with the intent to publicly humiliate, embarrass, and destroy Plaintiff's personal and professional reputation.

–31–

134. Defendants intentionally created and disseminated the video with actual knowledge that the statements were false or with reckless disregard for the truth, for the purpose of causing Plaintiff emotional trauma, reputational injury, and social isolation.

135. Defendants Google LLC and YouTube LLC received notice alerting them to the nature and harm of the content. Despite these notifications, they failed to remove or de-amplify the video and instead continued to algorithmically recommend and monetize the content, thereby ratifying and amplifying the original tortious conduct.

136. The acts and omissions of Defendants constitute conduct so extreme and outrageous as to exceed the bounds of decency tolerated in a civilized society.

137. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress, including anxiety, humiliation, insomnia, fear, loss of self-esteem, and psychological anguish. Plaintiff has also experienced tangible harm to career and business relationships.

138. Defendants' conduct was willful, wanton, malicious, and in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages in an amount to be determined at trial.

//

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

139. Plaintiff seeks general and special damages, punitive damages, and such other relief as the Court may deem just and proper.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

140. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

141. Defendants owed Plaintiff a duty of care not to engage in conduct that would foreseeably cause emotional harm, reputational injury, and psychological distress. This duty arose from general principles of tort law and from Defendants' own platform rules, terms of service, and public representations that prohibited harassment, defamation, and the targeting of individuals with harmful content.

142. Defendants negligently created, published, or caused to be published a YouTube video containing false, inflammatory, and harmful statements about Plaintiff, without verifying the truth or consequences of such statements.

//

//

//

143. Defendants Google LLC and YouTube LLC notice of the defamatory and emotionally injurious nature of the video but failed to investigate, remove, de-amplify, or otherwise act upon the reports made by the Plaintiff.

144. Instead, Google and YouTube continued to host, promote, and in some cases monetize the defamatory content, resulting in wider dissemination and amplification of the harm to Plaintiff.

145. Defendants' conduct was negligent, as they breached their duty to act with reasonable care to prevent foreseeable harm after being notified of the nature of the video and the severe emotional distress it was causing Plaintiff.

146. As a direct and proximate result of Defendants' negligence, Plaintiff suffered serious and ongoing emotional distress, including anxiety, depression, humiliation, insomnia, social withdrawal, and reputational damage, along with economic consequences tied to the emotional harm.

147. The emotional distress suffered by Plaintiff was serious, genuine, and of a nature that a reasonable person would be unable to endure without suffering mental or emotional injury.

148. Plaintiff seeks general and special damages, costs of suit, and such further relief as the Court deems just and proper.

//

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in favor of

Plaintiff and against Defendants, and award the following relief:

1. General damages in an amount according to proof at trial, including emotional distress, reputational harm, and loss of standing in the community.

2. Special damages, including economic losses such as lost income, business opportunities, and other consequential damages caused by Defendants' unlawful conduct.

3. Punitive and exemplary damages against Defendants, and each of them, for their willful, malicious, oppressive, and despicable conduct, in an amount sufficient to punish and deter similar future conduct.

4. Restitution and disgorgement of profits obtained by Defendants through unlawful or unfair business practices pursuant to California Business & Professions Code § 17203.

5. Preliminary and permanent injunctive relief requiring Defendants Google LLC and YouTube LLC to:

    A.  Remove or de-index the specific defamatory video(s);

    B.  Cease publication, promotion, or monetization of such content; and

    C.  Implement reasonable measures to prevent further republication of the defamatory material.

6. Declaratory relief under 28 U.S.C. § 2201 stating that:

    A.  Defendants' conduct is not protected under 47 U.S.C. § 230;

    B.  Section 230 does not bar injunctive relief in this case; and

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**

C.  Plaintiff's causes of action are properly stated under state and federal law.

7.  Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, enjoining Defendants from continuing to publish or disseminate the defamatory video during the pendency of this action.

8.  Costs of suit, including reasonable attorneys' fees as permitted by law.

9.  Prejudgment and post judgment interest at the maximum legal rate; and

10.  Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: July 31, 2025

*Joyce H. Vega*

**JOYCE H. VEGA**
Attorney for Plaintiff

**Complaint for Damages Declaratory & Injunctive Relief against YOUTUBE LLC & GOOGLE LLC**